FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Jun 03, 2020
JAMES W. McCORMACK, CLERK
By: Jake Kornegay D.C.
DEP CLERK

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 2936

**TRANSFER ORDER**

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date Filed: 6/2/2020   Paige A. Wymore-Wynn, Clerk
By: /s/ Kiambu Houston   Deputy Clerk

**Before the Panel**: Common defendants Smitty's Supply, Inc., and CAM2 International, L.L.C., move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Louisiana or, alternatively, the Southern District of Texas. This litigation currently consists of eight actions pending in eight districts, as listed on Schedule A.

Plaintiffs in all actions oppose centralization. In the event that the actions are centralized over their objection, they suggest the Western District of Missouri or, alternatively, the District of Kansas. Defendants Tractor Supply Company and Orscheln Farm and Home, LLC, support centralization in the Southern District of Texas. Defendant Rural King supports centralization, taking no position on the appropriate district.

On the basis of the papers filed and the hearing session held,[1] we find that these actions involve common questions of fact, and that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share complex factual questions arising from nearly identical allegations concerning the manufacture, labeling, marketing, and performance of Smitty's 303 tractor hydraulic fluid (THF) products, including those made for and sold by CAM2 International.[2] Plaintiffs in all actions allege that defendants (1) deceptively marketed the products as meeting John Deere 303 specifications that allegedly became obsolete in the 1970s when an essential ingredient – sperm whale oil – was banned from use; (2) misrepresented the products' anti-wear and protective benefits; and (3) used inferior ingredients such as used oils and diluted additives that caused damage to plaintiffs' equipment. All actions further allege that plaintiffs suffered economic losses from buying an allegedly worthless product or a product worth less than plaintiffs paid. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class

---

[1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 28, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2936 (J.P.M.L. May 12, 2020), ECF No. 30.

[2] The products at issue are Super S Supertrac 303 Tractor Hydraulic Fluid; Super S 303 Tractor Hydraulic Fluid; CAM2 ProMax 303 Tractor Hydraulic Oil; and CAM2 303 Tractor Hydraulic Oil.

-2-

certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, plaintiffs principally argue that informal coordination is a practicable and preferable alternative to centralization. They assert that informal coordination of discovery across all actions already is in progress; the vast majority of common document discovery is complete; and coordination is readily practicable because plaintiffs in all actions are represented by the same counsel, and defendants also are represented by common counsel. They further argue that centralization likely would delay proceedings in *Zornes*, in which class certification discovery is largely complete and a motion for class certification is pending. In response, defendants assert that informal coordination has been ineffective, describing an increasing number of substantive discovery disputes, and that discovery in most actions remains at an early stage.

On balance, we find that centralization is preferable to informal coordination in this litigation. While we strongly encourage informal coordination, the record before us indicates that the development of numerous and significant discovery disputes will be a significant obstacle to efficient coordination in this litigation. For example, defendants assert that several depositions taken by plaintiffs' counsel in the District of Kansas *Zornes* action are duplicative of those taken in a recently resolved action (*Hornbeck*) involving the same subject matter and counsel. The parties also have been involved in a protracted dispute over the deposition of an executive level witness who likely will be common to all actions. And the litigation will involve significant expert discovery and *Daubert* motions, as to which informal coordination likely will be inadequate. Additionally, there are eight actions pending in eight different states.[3] All actions remain in discovery, including *Zornes*. Voluntary coordination across these dispersed districts, especially given the complexity of the factual questions and the number and nature of discovery disputes, appears problematic.

We conclude that the Western District of Missouri is an appropriate transferee forum. It is centrally located and easily accessible, making it a convenient forum for this nationwide litigation. The Honorable Stephen R. Bough, who presides over the *Graves* action on the motion, is familiar with the issues in this litigation. He is an experienced jurist with the ability and willingness to manage this litigation efficiently. We are confident he will steer this matter on a prudent course.

---

[3] Although the putative statewide classes are geographically distinct, they involve many common issues, including overlapping putative class representatives and expert witnesses.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Stephen R. Bough for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle  R. David Proctor
Catherine D. Perry  Nathaniel M. Gorton
Matthew F. Kennelly  David C. Norton

IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID  MDL No. 2936
MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY
LITIGATION

## SCHEDULE A

Eastern District of Arkansas

BUFORD v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 1:19-00082

Eastern District of California

FOSDICK, ET AL. v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:19-01850

Northern District of Iowa

BLACKMORE, ET AL. v. SMITTY'S SUPPLY, INC., C.A. No. 5:19-04052

District of Kansas

ZORNES, ET AL. v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:19-02257

Western District of Kentucky

WURTH v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 5:19-00092

District of Minnesota

KLINGENBERG v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 0:19-02684

Western District of Missouri

GRAVES, ET AL. v. CAM2 INTERNATIONAL LLC, ET AL., C.A. No. 3:19-05089

Southern District of Texas

MABIE v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 4:19-03308